**In the Matter of Thomas Patrick NACOL, Debtor.**

**FIRST BANK OF PINELLAS COUNTY, a Florida Banking Corporation, Plaintiff,**

v.

**Thomas Patrick NACOL, Defendant.**

Bankruptcy No. 81–2030.
Adv. No. 82–55.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 3, 1983.

Bruce Marger, St. Petersburg, Fla., for plaintiff.

Raymond C. Farfante, Jr., Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a proceeding arising under Title 11, U.S.C. The jurisdiction of this Court is based on Emergency Local Rule (c)(1) and (d)(2). This adversary proceeding came on for final evidentiary hearing to determine the dischargeability, vel non, of the debt owed to First Bank of Pinellas County (the Bank) by Thomas Patrick Nacol, the Debtor in the above-styled Chapter 7 case. The Bank seeks an exception to discharge of the debt owed it by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(B) which excepts from general discharge money obtained by use of a written statement that is materially false respecting the Debtor's financial condition that the Debtor caused to be made with intent to deceive and upon which the creditor reasonably relied.

The record as established at the final evidentiary hearing reveals the following:

Prior to August 8, 1980, the Defendant applied for a $20,000 loan at the Plaintiff Bank and furnished a financial statement signed by the Defendant and dated August 7, 1980. The Defendant testified that he prepared the statement. The statement was false in several respects, but it was most materially false in the Defendant's claim of $550,000 partial interest in real estate equities which was, in fact, nothing more than an optimistic expectation of income from gas reserves. On or about August 8, 1980, the Bank approved the loan and the Defendant executed a promissory note in favor of the Bank for $20,000. The loan was renewed by subsequent promissory notes dated February 4, 1981, May 5, 1981, and June 4, 1981. No new financial statement was requested by the Bank prior to any renewal. It is the final renewal note dated June 4, 1981 which is the subject of this controversy. When the Defendant filed his Petition for Relief Under Chapter 7 of the Bankruptcy Code, he listed his debt to First Bank. The Plaintiff Bank now seeks to except this debt from the Defendant's general discharge pursuant to 11 U.S.C. § 523(a)(2)(B) which provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(2) for obtaining money . . . by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money . . . reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

There was no doubt that the Debtor's financial statement was "materially false" within the meaning of 11 U.S.C. § 523(a)(2)(B)(i). The Debtor is an experienced businessman who should know the purpose and significance of a financial statement as it relates to the loan application process. However, for Plaintiff to

meet its burden of proof under this Section, it must not only prove that the Debtor made a materially false financial statement with the intent to deceive the creditor, the creditor must also establish that he reasonably relied on the false statement in approving the loan.

In determining whether or not the Plaintiff has established reasonable reliance with the required degree of proof, this Court may look to case law construing § 17(a)(2) of the now repealed Bankruptcy Act because 11 U.S.C. § 523(a)(2) continues most of the substance of former § 17(a)(2). 3 *Collier on Bankruptcy,* ¶ 523.08 (15th ed. 1982). In the case of *The Exchange Bank of Westshore v. Gibbs (In re Gibbs),* 9 C.B.C. 608 (Bankr.M.D.Fla.1976), this Court construing § 17(a)(2) of the Bankruptcy Act, determined that the Plaintiff failed to prove the element of reliance where the Plaintiff Bank, albeit relying on the false financial statement when originally loaning money to the Debtor, renewed the loan without obtaining an updated financial statement and where the renewed loan was the debt the Plaintiff sought to have excepted from general discharge. *Id.* at 613.

In the present case, the debt in question was renewed three times. The Bank never requested an updated financial statement, but repeatedly and routinely renewed the note as a matter of course. Accordingly, this Court is satisfied that the Plaintiff failed to establish that it reasonably relied on a false financial statement when executing the note dated June 4, 1981, and, absent the essential element of reasonable reliance, the evidence presented does not justify granting an exception to discharge.

The Debtor also asserted an eleventh hour defense of usury. However, since the debt has been determined to be dischargeable, the Court need not address the usury issue.

A separate final judgment will be entered in accordance with the foregoing.