In the Matter of Thomas Patrick NACOL, Debtor.

**FIRST BANK OF PINELLAS COUNTY, Plaintiff,**

v.

**Thomas Patrick NACOL, Defendant.**

Bankruptcy No. 81–2030.

Adv. No. 82–55.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 10, 1983.

Bruce Marger, St. Petersburg, Fla., for plaintiff.

Raymond C. Farfante, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR REHEARING TO STAY JUDGMENT, TO AMEND OR TO MAKE ADDITIONAL FINDINGS OF FACT AND TO ALTER OR AMEND THE FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Rehearing, to Stay Judgment, to Amend or to Make Additional Findings of Fact, and to Alter or Amend the Final Judgment filed by the Plaintiff in the above-styled adversary proceeding. The Plaintiff seeks to have this Court, 27 B.R. 116, reconsider its Findings of Fact and Conclusions of Law and to alter the Final Judgment entered February 8, 1983 accordingly. Specifically, the Plaintiff takes exception to this Court's finding that although the Defendant obtained money from the Plaintiff by presenting a materially false financial statement, the Plaintiff did not reasonably rely on the false financial statement within the meaning of § 523(a)(2)(B)(iii). The Court made this determination based on the following facts:

Prior to August 8, 1980, the Defendant applied for a $20,000 loan at the Plaintiff Bank and furnished a financial statement signed by the Defendant and dated August 7, 1980. The financial statement was false in several respects, but it was most materi-

ally false in the Defendant's claim of $550,-000 partial interest in real estate equities which was, in fact, nothing more than an optimistic expectation of income from gas reserves. On or about August 8, 1980, the Bank approved the loan and the Defendant executed a promissory note in favor of the Bank for $20,000. The loan was renewed by subsequent promissory notes dated February 4, 1981, May 5, 1981 and June 4, 1981. The Bank renewed the note three times without requesting an updated financial statement and repeatedly and routinely renewed the note as a matter of course. The final renewal note dated June 4, 1981 is the subject of the present controversy.

The Plaintiff contends that to find a lack of reasonable reliance based on the above facts "will create mischief in the normal banking practices and offer a ready method of fraud and deception." This might be so if the Court were to decide as a matter of law that reasonable reliance requires a completely new financial statement every time a lender rolls over an outstanding loan. This is not the case however. This Court determined only that the Plaintiff did not request an update of the August 7, 1980 financial statement when it agreed to renew the note on June 4, 1981. Argument of counsel for the Plaintiff demonstrated that the Findings of Fact, Conclusions of Law and Memorandum Opinion entered February 3, 1983 is subject to misinterpretation. Therefore, in the interest of clarity, the Court further determines at this time that the Plaintiff introduced no evidence that any officer of the Bank so much as asked the Defendant whether the August 7, 1980 financial statement accurately reflected his financial situation when the Bank decided to renew the note on June 4, 1981.

There is a split of authority on the issue of whether a creditor may be said to have reasonably relied on a false financial statement when he renews the loan without inquiring of the debtor whether or not the originally provided financial statements continue to represent the Debtor's present financial condition. Some cases hold that the lapse of time between the loan and the renewals does not negate reliance. *See, e.g., Calcasieu Marine National Bank v. LaRocca (In re LaRocca),* 12 B.R. 56, 60 (Bkrtcy.W.D.La.1981). Others hold that when the renewals are routinely granted without reference to the original financial statement, the financial statement plays no part in the decision to renew. *See, e.g., Exchange Bank of Westshore v. Gibbs (In re Gibbs),* 9 C.B.C. 608, 613 (Bkrtcy.M.D. Fla.1976). In light of the legislative history to § 523(a)(2)(B) which states that the Section seeks to codify case law construing § 17(a)(2) requiring that reliance on a false financial statement must be shown to be reasonable, the *Gibbs* case appears to represent the better view.

■ This Court is, therefore, of the opinion that although the Bank may have relied on the financial statement when it originally decided to loan the Defendant $20,000 in August, 1980, it did not rely on it in June, 1981 when it decided to renew the obligation.

■ The Plaintiff next contends that the Debtor had a continuing duty to disclose any change in his financial condition and, therefore, the Plaintiff could reasonably rely on the original financial statement without making any further inquiry as to its present accuracy. Plaintiff bases this contention on the following language which appears above the signature line on the financial statement: "[e]ach undersigned represents and warrants that the information provided is true and complete and that you may consider this statement as continuing to be true and correct until a written notice of change is given to you by the undersigned." Even assuming, but not admitting, that such language would give the Plaintiff the right to continue to rely on the August 7, 1980 financial statement, the Plaintiff presented no evidence whatsoever that it, in fact, relied on the August 7, 1980 financial statement when it renewed the loan on June 4, 1981. The Plaintiff bears the burden of establishing each and every element of § 523(a)(2)(B) in order to have the debt owed it by the Debtor excepted

from the Debtor's general discharge. *Murphy & Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873, 880 (5th Cir.1982). In the case at bar, the Plaintiff failed to establish reasonable reliance and thereby failed to establish its claim of non-dischargeability.

The Plaintiff also contends that this Court erred in not admitting into evidence a financial statement dated June 25, 1981, which allegedly contained the same false information as the August 7, 1980 financial statement. The Court continues to be of the opinion that a false statement made after the time the Debtor obtained a renewal of credit is not relevant to the issue under consideration. The Plaintiff could not have relied on the June 25, 1981 statement when it renewed the loan on June 4, 1981. *See, Household Finance Consumer Discount Co. v. Gennaro (In re Gennaro)*, 12 B.R. 4, 6 (Bkrtcy.W.D.Pa.1981).

In light of the foregoing, this Court is of the opinion that the Final Judgment entered February 8, 1983 was correctly entered and that the Findings of Fact, Conclusions of Law and Memorandum Opinion entered February 3, 1983 should be supplemented with the additional Findings of Fact and Conclusions of Law contained in this Order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion to Stay Judgment and to Alter and Amend the Judgment be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion to Amend or Make Additional Findings of Fact be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that this Order be, and the same hereby is, adopted as a supplement and clarification of the Findings of Fact, Conclusions of Law and Memorandum Opinion entered February 3, 1983.