In the Matter of Ronald E. PETSCH,
a/k/a d/b/a Ronald Eric Petsch,
Ronald Petsch, Debtor.

Christopher HARDWICK, Plaintiff,

v.

Ronald E. PETSCH, a/k/a d/b/a
Ronald Eric Petsch, Ronald
Petsch, Defendant.

Bankruptcy No. 86–2183–8B7.
Adv. No. 86–366.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 10, 1988.

John D. Emmanuel, Tampa, Fla., for plaintiff.

David L. Schrader, St. Petersburg, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

THOMAS E. BAYNES, Bankruptcy Judge.

THE MATTER under consideration in the above-styled adversary proceeding is a Complaint seeking exception to discharge filed by Christopher Hardwick (Plaintiff) pursuant to 11 U.S.C., Section 523. Counts I and II of the Complaint were dismissed by order of this Court on January 28, 1987 leaving Count III for resolution. Count III seeks exception to discharge based on Section 523(a)(6) for the alleged willful and malicious injury by the Debtor to property belonging to the Plaintiff. The Court re-

viewed the record and on November 10, 1987 heard argument of counsel, and finds the undisputed facts as follows:

On or about September 24, 1984, Debtor/Defendant Ronald E. Petsch and Plaintiff executed an agreement whereby Defendant purchased a 1977 Chevrolet Corvette for the sum of $9,980.64, payments to be made in twenty-four installments with the balance of $3,326.88 ballooning at the end of twenty-four months. Defendant admits a security interest was to be created in favor of the Plaintiff. Attached to the agreement was a notice of lien held by Christopher Hardwick in the amount of $9,980.64 against the 1977 Corvette. Defendant also executed a power of attorney in favor of Plaintiff which allowed Plaintiff to transfer title back to his name in the event of default. The title to the Corvette was transferred to the name of Debtor/Defendant, Ronald Petsch, but the address listed on the title certificate was that of Christopher Hardwick. Mr. Hardwick retained possession of the title certificate.

Thereafter, on February 13, 1985, Debtor/Defendant filed an application for duplicate title certificate with the State of Florida Department of Highway Safety and Motor Vehicles. The application stated the duplicate of the title certificate previously issued in the Defendant's name was either lost or destroyed. Upon obtaining a duplicate title from the State of Florida Department of Highway Safety and Motor Vehicles, the Defendant sold the Corvette to a third party for the price of $6,500. The Defendant subsequently ceased making payments on the vehicle to the Plaintiff.

At the time the Defendant applied for the duplicate title, the Defendant knew Hardwick was in possession of the title certificate. The contested facts are whether or not Defendant told Plaintiff of Defendant's intention to sell the vehicle and whether or not Plaintiff approved the sale. These facts are crucial to the determination of the dischargeability vel non of the debt owed by Defendant to Plaintiff.

■ Section 523(a)(6) provides:

A discharge under ... this title does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity;

Initially, this Court must determine whether Plaintiff's interest in the Corvette, if any, constitutes "property" for purposes of Section 523. The Defendant signed an agreement which was contemplated by the parties to be a security agreement. The agreement contains a description of the Corvette. Value had been given and the Corvette was titled in the Debtor's name. Thus, the parties created a security interest in the vehicle. Fla.Stat. § 679.203 (1987).

■ The Plaintiff failed to file a sworn notice of lien with the Department of Motor Vehicles. Therefore, no security interest was perfected in the Corvette. Fla. Stat. § 319.27 (1987). This being the case, Defendant maintains the sale of the Corvette did not deprive the Plaintiff of any recognizable legal interest. Defendant's argument is erroneous. While the failure to perfect a lien may render such lien subordinate to the rights of third parties, as between the Debtor and creditor, the security interest is valid and the Debtor is estopped from denying its validity. *Waukesha State Bank v. Sindic (In re Sindic)*, 44 B.R. 167, 172 (Bankr.E.D.Wisc.1984); *People's Savings Bank of Breckton v. Cardillo (In re Cardillo)*, 39 B.R. 548 (Bankr.D.Mass.1984).

■ With the insight that the security interest is property for purposes of Section 523(a)(6), the Court must now determine whether the Defendant's sale of the Corvette to a third party, thereby terminating Plaintiff's security, constituted a willful and malicious injury to Plaintiff's property. The phrase "willful and malicious injury" covers a willful and malicious conversion. 124 Cong.Rec. H11096 (daily ed. Sept. 28, 1978). For purposes of Section 523(a)(6), the word "willful" means deliberate and intentional and is not synonymous with the "reckless disregard" standard. H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The word "malicious" means the debtor's conduct was in conscious disregard of another's rights. *Cardillo*, 39 B.R. at 550. Plaintiff has the burden of proving the Defendant's conduct was willful and malicious. *Id.*

■ Where a debtor has disposed of collateral without the permission or knowledge of the lienholder, and the debtor understands the effect of the security agreement, such unauthorized disposition constitutes a willful and malicious conversion so as to render the debt arising therefrom nondischargeable. *Id.* at 550. Defendant maintains that prior to selling the Corvette to a third party, Defendant advised Plaintiff of his intention to sell the vehicle. The Defendant further maintains the Plaintiff gave Defendant permission to sell the vehicle. Plaintiff disputes these contentions, arguing Plaintiff never consented to the subsequent sale of the vehicle. This Court is inclined to believe the Plaintiff since, rather than transfer the vehicle title certificate in Plaintiff's possession, Defendant obtained, under oath, a duplicate title certificate, stating it was lost and then transferred the duplicate title certificate to the third party. The Debtor's concealment of the transaction giving rise to the allegation of conversion is a factor in determining the Debtor's knowledge that he sold the property in violation of the security agreement. *Cardillo*, 39 B.R. at 550. The duplicate title certificate listed the Debtor's address instead of Plaintiff's. The Plaintiff did not perfect the lien and there is no evidence that the third party bought the Corvette with knowledge of the security interest. The third party took title to the Corvette free of Plaintiff's security interest. Fla. Stat. § 679.307(2) (1987). Accordingly, the Debtor/Defendant effectively disposed of the collateral.

Based on the foregoing, this Court is satisfied Plaintiff has met his burden of proving Debtor/Defendant willfully and maliciously injured Plaintiff's property interest by disposing of the Corvette. Accordingly, this Court finds the debt owed by Debtor to Christopher Hardwick is nondischargeable under Section 523 of the

Bankruptcy Code. A separate final judgment will be entered by this Court.