In re Edward Brent BENORE, a/k/a-d/b/a Sharp Landscaping and Ed Benore Enterprises, and Mary Lou Benore, a/k/a-d/b/a Mary Lou Hauser, Debtors.

**FIRST SANLANDO BANK, N.A., Plaintiff,**

v.

Edward Brent BENORE, a/k/a-d/b/a Sharp Landscaping and Ed Benore Enterprises, and Mary Lou Benore, a/k/a-d/b/a Mary Lou Hauser, Defendants.

Bankruptcy No. 87–3247–BKC–6P7.
Adv. No. 88–67.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Dec. 12, 1989.

Melanie K. Males, Orlando, Fla., for plaintiff.

Frank C. Whigham, Sanford, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint of First Sanlando Bank, N.A., now known as First National Bank of Central Florida, seeking an exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(B) against Edward Brent Benore and Mary Lou Benore. Trial was held on October 12, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Plaintiff seeks to have excepted from discharge the principal sum of $28,951.11 representing the balance owed on two promissory notes made by defendants and delivered to plaintiff.

Defendants executed and delivered to plaintiff a promissory note dated April 7, 1987, in the amount of $6,272.28, the proceeds of which were used to pay defendants' line of credit with plaintiff. The proceeds of a second promissory note dated June 12, 1987, in the amount of $24,833.89 were used to pay three prior loans. No new money or value were received by the defendant-debtor from these two renewal notes.

In connection with the earlier loans and line of credit, the defendants submitted a joint financial statement dated December 1, 1986. Plaintiff asserts that it reasonably relied upon the financial statement, the statement was materially false, and submitted with an intent to deceive.

The plaintiff's loan officer, Walter Rodgers, testified that he relied upon the statement when approving the promissory notes in question. The financial statement was incomplete in that the portion dealing with expenses was totally blank. The witness further testified that there were no attempts to verify the information contained in (or absent from) the statement.

The defendants do not dispute the validity of the notes or the amounts claimed and dischargeability is the only issue.

### Conclusions of Law

The plaintiff seeks exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(B) which provides in relevant part:

(a) A discharge under section 727 ... does not discharge an individual from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied;

(iv) that the debtor caused to be made or published with intent to deceive....

Plaintiff bears the burden of proving by clear and convincing evidence the elements set forth in § 523(a)(2)(B). *In re Hunter,* 780 F.2d 1577 (11th Cir.1986). The plaintiff must prove that it reasonably relied on the financial statement, and that the defendants caused the financial statement to be made or published with the intent to de-

ceive plaintiff. *Duncan v. Kentucky Bank & Trust Co.*, 35 B.R. 323 (Bankr.W. D.Ky.1983).

In *Duncan*, the court cited four categories of "unreasonable reliance," where relief under § 523 is denied:

1. The creditor knew the financial information was not accurate;

2. The financial statement obviously contained inadequate information;

3. The creditor's investigation of the statement suggests its falsity or incompleteness;

4. The creditor failed to verify information on the statement.

*Duncan* at 325.

In this adversary proceeding, the plaintiff did nothing to verify the incomplete financial statement, during either the initial or renewal loan applications.

Where a bank relies on stale financial statements, and never inquires as to whether the statements actually reflect the debtor's current financial situation, the bank fails to show reasonable reliance. *In re Wing*, 96 B.R. 369, 373 (Bankr.M.D.Fla. 1989); *Matter of Holwerda*, 29 B.R. 486 (Bankr.M.D.Fla.1983); *Matter of Nacol*, 30 B.R. 193 (Bankr.M.D.Fla.1983).

Additionally, the Court does not find any intent to deceive. No new money or value were received from the renewal of these notes, and the entire debt is dischargeable. *In re Ojeda*, 51 B.R. 91 (Bankr.D.N.M. 1985); *In re Hempfner*, 52 B.R. 1020 (Bankr.W.D.Va.1985).

### Conclusion

In the case *sub judice*, the plaintiff failed to carry its burden seeking an exception to discharge based on the defendant/debtors' financial statement. The Court finds that the debt is covered by the bankruptcy discharge.

A separate judgment shall be entered consistent with these Findings of Fact and Conclusions of Law.