**In re Clesson PARKER, Jr., Debtor.**

**SEARS, ROEBUCK & COMPANY, Plaintiff,**

v.

**Clesson PARKER, Jr., Defendant.**

Bankruptcy No. 91–07510.
Adv. No. 92–9006.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

June 22, 1993.

James Donohue, Tallahassee, FL, for plaintiff.

Marc E. Taps, Tallahassee, FL, for debtor, defendant.

Bill Miller, Tallahassee, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE came on before the Court upon the Plaintiff's Complaint to Determine Dischargeability of Debt. Plaintiff asserts the Defendant willfully and maliciously injured Plaintiff, and/or the property of Plaintiff, and therefore the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Based upon the stipulated facts and memoranda of law submitted by both parties, the Court determines that the Plaintiff has not proven by a preponderance of the evidence that the Defendant's actions constitute a willful and malicious conversion of the secured property, and therefore, Plaintiff's claim shall not be excepted from discharge.

## FINDINGS OF FACT

The stipulated facts are the only evidence upon which the Court bases its determination. The parties stipulate that the Defendant purchased a ladder from the Plaintiff on June 15, 1990 for $160.38. Defendant also purchased a miter saw and saw blade from Plaintiff on January 13, 1990 for $331.53. A copy of the sales slip from Plaintiff to the Defendant for the purchase of the ladder, Exhibit A, indicates the Plaintiff's properly perfected security interest in the ladder, by virtue of the Defendant's execution of the sales slip. A copy of the sales slip from Plaintiff to the Defendant for the purchase of the miter saw and saw blade, Exhibit B, indicates the Plaintiff's properly perfected security interest in the miter saw and saw blade, by virtue of the Defendant's execution of the sales slip. Subsequent to the purchase of the property, Defendant sold the ladder, miter saw and blade, and later filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on October 24, 1991.

## CONCLUSIONS OF LAW

Both parties assert that the burden is on the Plaintiff to prove by clear and convincing evidence that a particular obligation of the debtor is within the scope of § 523 exceptions to discharge. This is incorrect in light of the Supreme Court decision, *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), in which the Court held that the elements for § 523(a) exceptions to discharge need only be proven by a preponderance of the evidence.

Exception from discharge under § 523(a)(6) has been interpreted to cover only deliberate and intentional wrongful acts which involve specific intent to injure. *In re Gierman*, 106 B.R. 733 (Bankr. M.D.Fla.1989). The conversion of property must be both willful and malicious. The 11th Circuit Court of Appeals defines willful as intentional and voluntary. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988). The debtor must exercise meaningful control rather than accidental conduct.

A malicious act is one done willfully, wrongfully, and without just cause, and which produces injury. *In re Thomas*, 116 B.R. 287, 290 (Bankr.M.D.Fla.1990). Malicious intent may be found where the debtor's conduct manifests an actual intent to injure the creditor. *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989). However, because of the difficulty in proving actual intent to harm, the malice element may be established by a finding of implied or constructive malice. *Rebhan*, 842 F.2d at 1263. Constructive or implied malice may

be found if the nature of the act itself implies a sufficient degree of malice. *In re Ikner*, 883 F.2d 986, 991 (11th Cir.1989).

Evidence that the debtor had knowledge of the creditor's rights when the debtor acted is another method which may prove malicious intent. *Posta*, 866 F.2d at 367. The *Posta* court found that the lack of experience in the business and the failure to both read and understand the relevant security agreement may be sufficient to demonstrate a lack of knowledge by the debtor. *Id.* A debtor may not claim innocence and lack of willfulness or malice when the debtor knows that the security agreement expressly prohibits the sale of collateral and knows or should have known that the sale would destroy the creditor's security interest. *Thomas*, 116 B.R. at 290. However, intentional conduct which violates the security agreement is wrongful, but is not by itself malicious unless the debtor knew it was injurious to the creditor. *In re Phillips*, 882 F.2d 302, 305 (8th Cir.1989); *Posta*, 866 F.2d at 367.

The *Thomas* court also stated that even in the absence of specific intent to injure the creditor, a debtor's intentional, unauthorized sale of the collateral that causes harm may be characterized as willful and malicious conduct. 116 B.R. at 290. *See also, In re Ogden*, 119 B.R. 277, 279 (Bankr.M.D.Fla.1990). However, a finding of malicious behavior based solely upon willful or intentional conduct would render the word "malicious" meaningless under § 523(a)(6) because almost any intentional act would come within the exception to discharge. *Posta*, 866 F.2d at 367. This result is contrary to Congressional intent in light of the use of both "willful" and "malicious" in the statute. Canons of statutory construction suggest that every word used by Congress should be given effect. *United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615, 624 (1955).

The stipulated facts demonstrate that the Defendant sold the property and did not accidentally or involuntarily surrender ownership. This voluntary behavior satisfies the willful element of § 523(a)(6). However, the stipulated facts are totally lacking in any showing of the Defendant's actual intent to maliciously injure the Plaintiff or the Plaintiff's property. While the malice element may constructively or impliedly be found in the nature of the act itself, the Defendant's sale of the items, by itself, is not an act which implies a sufficient degree of malice. The Plaintiff's apparent contention that the mere sale of the property is presumptively malicious would be contrary to the statute as written, and Congress' intent.

The stipulated facts in this case also fail to demonstrate that the Defendant had sufficient knowledge to act maliciously when the Defendant sold the secured property. The stipulated facts offer no admission by the Defendant of having read and understood the security agreement, nor is the security agreement or any of its terms even before the court. Neither is there evidence that the Defendant has the requisite business experience nor is anything other than an unsophisticated consumer. There is no evidence the Defendant knew that the sale of the collateral was prohibited, that the property was subject to the creditor's security interest, or that the sale would destroy that interest. Finally, it is not asserted that the Defendant failed to pay the existing liens upon sale of the property, or what payments, if any, have been made for the items, and the actual balance due.

Based on the preceding, the preponderance of the evidence standard has not been met, and the Plaintiff's claim shall not be excepted from discharge.

A separate final judgment will be entered in accordance herewith.

DONE AND ORDERED.

### FINAL JUDGMENT

In accordance with the Findings of Fact and Conclusions of Law entered this date in the above styled cause, it is

HEREBY ORDERED AND ADJUDGED that Final Judgment be and same is hereby entered in favor of Defendant Clesson Par-

ker, Jr., and the claim of Plaintiff Sears, Roebuck & Company be and same is hereby not excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

DONE AND ORDERED.