**In re Toni A. CRISAFI, Debtor.**

**SEARS, ROEBUCK & COMPANY,
Plaintiff,**

v.

**Toni A. CRISAFI, Defendant.**

**Bankruptcy No. 96–00204–6J7.
Adversary No. 96–121.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 11, 1996.

Toni A. Crisafi, Orlando, FL, pro se.

Jeffrey R. Becker, Jacksonville, FL, for Plaintiff.

Laurie K. Weatherford, Orlando, FL, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding was heard on October 16, 1996, on the Complaint of Sears, Roebuck & Company (the "Plaintiff") to determine the dischargeability of certain debts (the "Complaint") (Doc. No. 1). Specifically, Plaintiff seeks to except from the discharge of the debtor/defendant, Toni A. Crisafi (the "Debtor"), certain debts pursuant to Section 523(a)(6) of the Bankruptcy Code. After reviewing the pleadings and considering the applicable law, judgment is entered in favor of the Debtor.

*Facts.* The Debtor and a representative of the Plaintiff testified at the trial. The evidence was largely undisputed, and the parties have stipulated to the following facts. Prior to filing her petition for bankruptcy on January 12, 1996 (the "Petition Date"), the Debtor maintained two revolving charge accounts with the Plaintiff. Prior to the Petition Date, she used these charge accounts to purchase the following items:

| Item Purchased | Purchase Price | Value on Petition Date |
| --- | --- | --- |
| Compressor | $ 519.38 | $ 363.57 |
| Grinder, etc. | 235.36 | 164.75 |
| Bed/Dresser | 423.70 | 254.22 |
| Bedroom Set | 2,942.46 | 1,765.48 |

During each purchase, the Debtor signed a sales slip which contained the following language:

I acknowledge receipt of merchandise and/or services in the total amount shown hereon and agree that this credit purchase is subject to my Agreement with the credit card issuer identified hereon. If this is a credit purchase under my SearsCharge Agreement, then I grant Sears a security interest in the merchandise described

hereon, unless prohibited by law until paid in full.

(Plaintiff's Exhibit 1).

The Plaintiff claims a security interest in the items purchased by the Debtor based upon the language and the Debtor's signature on the sales slip. The Debtor, appearing *pro se*, testified that she did not know that she was granting the Plaintiff a security interest when she signed the sales slip.

The Debtor later sold all of the items she had purchased with her Sears charge card at garage sales or to friends. The Debtor credibly testified that she sold the property because she was in financial distress and that, at the time of the sale, she was not aware that the Plaintiff claimed a security interest in the items sold. The Plaintiff never consented to the sale of the items. The Plaintiff claims damages of $2,548.02, which is the value of the purchased items on the Petition Date, plus $120 in costs pursuant to Section 523(a)(6) of the Bankruptcy Code.

*Issues.* The issues[1] in this adversary proceeding are:

a. Whether the Debtor's sale of the items purchased on her Sears' credit cards was willful under the definition of Section 523(a)(6) of the Bankruptcy Code.

b. Whether the Debtor's sale of the items purchased on her Sears' credit cards was malicious under the definition of Section 523(a)(6) of the Bankruptcy Code.

### SECTION 523(a)(6)

In a challenge to the dischargeability of a debt, the plaintiff/creditor must prove by a preponderance of the evidence that the debt is within one of the specifically enumerated exceptions under Section 523(a) of the Bankruptcy Code. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991); Fed.R.Bankr.P. 4005 (1995). Plaintiff relies upon Section 523(a)(6) of the Bankruptcy Code which provides that an individual debtor is not entitled to discharge a debt arising from "willful and malicious inju-

ry by the debtor to any entity or to the property of another entity." 11 U.S.C. Section 523(a)(6) (1996). Accordingly, in this case, the Plaintiff must prove by a preponderance of the evidence that the Debtor "wilfully" and "maliciously" injured the Plaintiff or its property.

■ Willful, for purposes of Section 523(a)(6), is defined as a deliberate or intentional act. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988). Wilfulness requires more than accidental conduct. The debtor must exercise some meaningful and intentional control. *Sears, Roebuck & Co. v. Parker*, 156 B.R. 858, 861 (Bankr. M.D.Fla.1993).

■ Malice is more difficult to define and requires a "finding of implied or constructive malice." *Rebhan*, 842 F.2d at 1263. Implied or constructive malice is established if the nature of the act itself requires the offending party to exhibit a sufficient degree of malice. *Id.* Both elements of the definition must be present for a debt to be found nondischargeable. *See, Parker*, 156 B.R. at 861.

■ The two necessary elements, willfulness and malice, are not synonymous. Willfulness implies intentional behavior. Malice connotes a malevolent purpose for the action. An examination of the wording of Section 523(a)(6) shows that to render an action malicious based solely upon willful or intentional conduct of the debtor renders the word "malicious" meaningless under Section 523(a)(6). *C.I.T. Financial Services v. Posta*, 866 F.2d 364, 367 (10th Cir.1989).

■ In *Parker*, the debtor/defendant had purchased several items from Sears over a seven month period using his charge card issued by the plaintiff. 156 B.R. at 860. Similar to this case, Sears claimed a security interest in all of the items based upon the defendant's execution of a sales slip at the time of the purchases which granted Sears a purchase money security interest. *Id.* Subsequent to the purchase of the property and

---

**1.** Although the Plaintiff also asserted claims in the Complaint under Section 523(a)(2) and (a)(4) of the Bankruptcy Code, the Plaintiff elected not to proceed with those allegations at trial. As such, the only remaining issue is whether the Plaintiff is entitled to a judgment under Section 523(a)(6) of the Bankruptcy Code.

prior to the filing of his bankruptcy petition, the defendant sold the personal goods. *Id.* Sears then brought an adversary proceeding seeking to except the debts from discharge pursuant to Section 523(a)(6) and claiming that the defendant willfully and maliciously injured the plaintiff. *Id.* The Bankruptcy Court concluded that, although the debtor intentionally and wrongfully sold the collateral subject to Plaintiff's security interest, the action was malicious only if the debtor knew that "it was injurious to the creditor." *Id.* There may be an act of conversion without the presence of a willful and malicious injury. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *Miller v. Held (In re Held)*, 734 F.2d 628 (11th Cir.1984). Such a conversion, while a tort, does not bar discharge of the debt. Therefore, a debtor can violate the terms of a security agreement without forfeiting a right to discharge the debt if the action was taken without malice.

■ In this case, the Debtor's sale of the items that she had purchased from the Plaintiff was unquestionably willful. There is no dispute that the Debtor intentionally and voluntarily sold the items without the Plaintiff's consent. The Debtor clearly violated the security agreement claimed by the Plaintiff. This behavior satisfies the willful element of Section 523(a)(6).

■ However, no evidence supports the Plaintiff's position that the Debtor acted maliciously. According to the Debtor's testimony at trial, she was not even aware that she had granted the Plaintiff a security interest in the property. As such, she could not have known she was doing anything wrong when she sold the items to friends and at a garage sale. Without such knowledge, she could not have acted maliciously, and she took no action to intentionally injure this plaintiff.

Accordingly, although the sale of the collateral may have been a violation of the security agreement, the violation alone is not sufficient to make the Debtor's obligation to Plaintiff nondischargeable pursuant to Section 523(a)(6). Plaintiff has failed to meet its burden of proof. A separate judgment in favor of the Debtor and against Plaintiff shall be entered in accordance with these findings of fact and conclusions of law.