**In re Neal Worth HOWARD and Janice Marilyn Howard, a/k/a Janice Marilyn Russell, Debtors.**

**CREDITHRIFT OF AMERICA, INC., Plaintiff,**

**v.**

**Neal Worth HOWARD and Janice Marilyn Howard, a/k/a Janice Marilyn Russell, Defendants.**

**Bankruptcy No. 79–682–BK–J–GP. Adv. No. 80–85.**

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

Sept. 26, 1980.

Sidney E. Lewis, Jacksonville, Fla., for plaintiff.

Jerry A. Funk, Jacksonville, Fla., for defendants.

## FINDINGS OF FACT

GEORGE L. PROCTOR, Bankruptcy Judge.

The Court makes the following findings of fact:

1. On November 22, 1978, defendants executed a promissory note in favor of plaintiff in the principal amount of $3,893.71.

2. The proceeds of the loan were used to finance a previous loan and advance $752.06 to the defendants.

3. To secure repayment of the debt, defendants executed a security agreement pledging certain household goods and personal property.

4. The previous loan between the parties was not secured by the subject collateral.

5. The defendants were in possession of the collateral when pledged.

6. Subsequent to November 22, 1978, the defendants intentionally sold most of the collateral.

7. The defendants had no corrupt intent to defraud plaintiff by selling the collateral.

8. Plaintiff neither knew nor consented to the sale of the collateral.

9. Plaintiff did not become aware of the sale of the collateral until after the defendants filed their petition.

10. The value of the collateral on the date of the loan exceeded the face amount of the loan.

11. The net principal balance due plaintiff as of the date of the filing of the petition was $3,435.92.

12. The gun collection was sold by defendants over a period of time from January 1979, through April 1979, to different purchasers.

13. Certain of these purchasers were found by newspaper advertisement and certain items were sold to a gun and pawn shop.

14. The gun collection was sold for approximately $1,160.00; the remaining collateral was sold through newspaper advertisements and to dealers in used merchandise, at various time, for approximately $1,500.

## CONCLUSIONS OF LAW

The issue presented here is whether a debtor's willful sale of collateral in disregard of a secured party's rights but without a corrupt intent or intent to defraud falls within the exception to discharge provided in § 523(a)(6) of the Bankruptcy Code.

Cases decided under § 17(a)(2) of the Bankruptcy Act have held that actions in reckless disregard of a secured party's rights may make a debt non–dischargeable. *See, e. g., Bennett v. W. T. Grant Co.*, 481 F.2d 664 (4th Cir. 1973); *In re Nance*, 556 F.2d 602 (1st Cir. 1977). However, a sister court has held that the "reckless disregard" test of the Act is no longer applicable under the Code and, that to fall within the exception of § 523(a)(6), conversion must be will-

258

ful and malicious. *In re Hodges (Grand Piano & Furniture Co. v. Hodges)*, 4 B.R. 513 (Bkrtcy. W.D.Va. 1980). There, debtor's sale at a flea market of stereo equipment in contravention of plaintiff's security interest was held not to be sufficient to cause the debt to be excepted from discharge.

The exception to discharge in § 523(a)(6) sounds in tort, not breach of contract. Therefore, any judgment awarded under this section should be for actual injuries suffered, notwithstanding the amount of the debt. This court disagrees with the strict test applied in *Hodges*. Its implication is such that a debtor would have little disincentive to selling all of his pledged property prior to filing bankruptcy. Although the creditor's security interest would follow the collateral and attach to proceeds, in most cases the creditor would have no effective remedy.

Nor would declaring the entire debt to be excepted from discharge be just. Such a course would result in an undersecured creditor actually improving his position as a result of the bankruptcy. Willful conversion in reckless disregard of a secured party's rights, even in the absence of fraud or malice, should warrant a judgment for the actual value of the converted property.[1] Simple justice dictates this result.

Wherefore, the Court shall separately enter a judgment in the amount of $2,660 the actual value of the converted collateral.

---

1. The court does not here consider the effects of a § 522(f) lien voidance action in this con-

text. No such complaint was filed in this case.