In re Jerry W. MUTO, d/b/a Island Marine d/b/a Amelia Maintenance and Betty Ann Muto, Debtors.

MERCURY FINANCE COMPANY OF GEORGIA, Plaintiff,

v.

Jerry W. MUTO and Betty Ann Muto, Defendants.

Bankruptcy No. 90–469–BKC–3P7. Adv. No. 90–108.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 4, 1991.

Sidney E. Lewis, Jacksonville, Fla., for plaintiff.

Granville C. Burgess, Fernandina Beach, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon the complaint of Mercury Finance Company of Georgia, seeking to except from discharge a debt of $1886.74, pursuant to 11 U.S.C. § 523(a)(6). A trial was held on January 15, 1991, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Plaintiff and defendants entered into a promissory note and security agreement with defendants offering various personalty as collateral. The security agreement was recorded in Nassau County, Florida, public records, but no financing statement for that security agreement was filed with the Secretary of State of Florida. Thus the security agreement was "not perfected" pursuant to Florida law.

Defendants subsequently sold the personalty without the knowledge or consent of plaintiff.

After defendants filed for bankruptcy, plaintiff brought this proceeding asserting that defendants had willfully and maliciously injured it through the unauthorized sale of the collateral.

Defendants assert that the debt is dischargeable as the security agreement was never "perfected."

Plaintiff contends that the security agreement is valid between the parties, even though not "perfected." Therefore the injury is still willful and malicious and excepted from discharge.

The only issue before the Court is whether the security agreement, in the absence of interested third parties, is valid between the plaintiff and defendants.

## CONCLUSIONS OF LAW

■ 11 U.S.C. § 523(a)(6) provides in relevant part:

(a) A discharge under … this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity….

This Court has held that the willful sale of collateral in disregard of a secured party's rights, even without intent to defraud, excepts a debt from discharge. *In re Ogden,* 119 B.R. 277, 279 (Bankr.M.D.Fla. 1990); *In re Howard,* 6 B.R. 256, 258 (Bankr.M.D.Fla.1980).

■ The law is well settled that the sale of collateral without the consent of the lienholder constitutes willful and malicious injury giving rise to an exception to discharge under 11 U.S.C. § 523(a)(6). *Id.;* See, e.g., *In re Linklater,* 48 B.R. 916 (Bankr.D.Nev.1985); *In re Clark,* 50 B.R. 122 (Bankr.D.N.D.1985); *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257 (11th Cir. 1988).

In light of the above, the issue to be decided by the Court is whether or not the parties had a valid agreement.

■ The matter of liens or security interests in personal property in Florida is governed by Chapter 679—Secured Transactions, Florida Statutes. Section 679.201 provides in relevant part:

**612**

Except as otherwise provided by this code a security agreement is effective according to its terms between the parties, against purchasers of the collateral and against creditors....

Consequently, the security agreement is effective according to its terms between the parties. However, its priority may be lost to others, if any, by reason of § 679.301, Florida Statutes, which provides in relevant part:

(1) [A]n unperfected security interest is subordinate to the rights of ...

(c) In the case of goods ... a person who is not a secured party and who is a transferee in bulk or other buyer not in the ordinary course of business ... to the extent he gives value and receives delivery of the collateral without knowledge of the security interest before it is perfected.

The statutory scheme provides that, as between the parties, the security agreement is valid and enforceable. However, if unperfected, the security interest is subordinate to the rights of intervening creditors.

Following the scheme of recording acts generally, Florida statutory law provides that the failure to perfect or record the lien does not affect the lien right between the parties. The lienholder's priority claim may only be lost to an intervening purchaser or creditor.

The debt of defendants to plaintiff will be held non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). A separate Final Judgment in favor of plaintiff will be entered.