**In re Larry MODICUE and Wanda Nelson Modicue, Debtors.**

**FRIENDLY FINANCE SERVICE MID–CITY, INC., Appellant,**

v.

**Larry MODICUE and Wanda Modicue, Appellees.**

**No. 90–4768**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 15, 1991.

Louis D. Smith, Hayes, Harkey, Smith, Cascio & Mullens, Monroe, La., for appellant.

Catherine L. Stagg, Monroe, La., for appellees.

Before CLARK, Chief Judge, POLITZ and DAVIS, Circuit Judges.

PER CURIAM:

### I.

Friendly Finance (Friendly) appeals the district court's judgment affirming the bankruptcy court's determination that only the value of the collateral unlawfully sold by Mr. and Mrs. Modicue, not their total debt to Friendly, was non-dischargeable under 11 U.S.C. § 523(c). We affirm.

### II.

Friendly made a loan to Mr. and Mrs. Modicue for which they executed a promissory note and a chattel mortgage securing the note. The mortgaged items, although worth $1,300.00 at the time the mortgage was executed, were sold without Friendly's knowledge or permission at a rummage sale for approximately $120.00. At the time the Modicues filed for protection under Chapter 7 of the Bankruptcy Code, the balance on the note was $3,590.55.

---

Friendly instituted this proceeding in the bankruptcy court, under 11 U.S.C. § 523(c), alleging that the Modicues had "willfully and maliciously" injured Friendly by the unauthorized sale of the collateral and the debt should be excepted from discharge under § 523(a)(6). The bankruptcy court agreed and determined the non-dischargeable injury to be $865.00 with interest which represented the fair-market value of the property at the time of the wrongful sale.

Dissatisfied with the bankruptcy court's determination, Friendly appealed to the district court. Friendly raised two alternative issues to the district court. First, Friendly claimed that the entire amount of the debt should be non-dischargeable as a result of the Modicue's misconduct. In the alternative, Friendly claimed that the proper measure of non-dischargeability should be the value of the collateral at the time the mortgage was executed rather than at the time of the wrongful sale. The district court rejected both of Friendly's claims, determined that the bankruptcy court's valuation was not clearly erroneous and affirmed the bankruptcy court's judgment. Friendly appeals.

### III.

Friendly raises here the same two issues rejected by the district court. Both arguments are without merit.

We review the bankruptcy and district court's findings of fact under the clearly erroneous standard while conclusions of law are reviewed *de novo. Mitsubishi Int'l Corp. v. Clark Pipe & Supply Co., Inc.,* 735 F.2d 160, 163 (5th Cir.1984).

Section 523(a)(6) excepts liability for a "willful and malicious injury by the debtor to another entity or the property of another entity" from the general discharge of debts accorded the debtor under § 727 of the Bankruptcy Code. This encompasses the wrongful sale or conversion of encumbered property by the debtor. *See, In re Howard,* 6 B.R. 256 (Bankr.M.D.Fla.1980); Collier on Bankruptcy 523.16[3]. In this case, the Modicues have not appealed the bankruptcy court's determination that their sale of the mortgaged property falls within the purview of § 523(a)(6). Thus, the only issue before this court is the appropriate measure of the exception to dischargeability under § 523(a)(6).

Section 523(a)(6) is based on tort principles rather than contract. *In re Howard,* 6 B.R. at 258, Collier on Bankruptcy 523.16. It is designed to compensate the injured party for the injury suffered while not allowing the debtor to escape liability for a "willfull and malicious" injury by resort to the bankruptcy laws. Thus, the appropriate measure for non-dischargeability under § 523(a)(6) is an amount equal to the injury caused by the debtor rather than any other sum owed by the debtor on a contractual basis. In this case, the injury to Friendly is the loss of the collateral securing the Modicue's indebtedness to which Friendly would have had priority upon liquidation of the bankruptcy estate. Therefore, under § 523(a)(6), Friendly is entitled to the value of the collateral denied it by the Modicue's wrongful actions. Any other construction of § 523(a)(6) would allow Friendly, an under-secured creditor, to improve its position in the bankruptcy setting because of the debtor's wrongful conduct. Such a result is contrary to the equities and policy goals embodied in the Bankruptcy Code. *See, In re Howard,* 6 B.R. at 258.

Friendly also claims that the appropriate measure of the injury caused by the wrongful sale of the property is the value of the property at the time it was mortgaged rather than the depreciated value of the property at the time it was sold by the debtor. For the same reasons enumerated above, we reject this contention. The bankruptcy court and the district court correctly concluded that the appropriate measure of the non-dischargeable injury is the fair value at the time the property was sold. As the district court reasoned, any other measure would put Friendly "in a better position because of defendant's misconduct than it would otherwise have enjoyed, [Friendly's] actual loss is the value of the collateral had at the time of the wrongful sale." *See First State Bank of Alsip v. Iaquinta,* 98 B.R. 919 (Bankr.N.D.Ill.1989).

#### IV.

The judgment of the district court is AFFIRMED.