**In re Bernard Henry SLACK and Shirley Rae Slack, Debtors.**

**FLEETWOOD CREDIT CORPORATION,
Plaintiff,**

v.

**Bernard SLACK, Defendant.**

**Bankruptcy No. 91–04714.
Adv. No. 91–8038.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Dec. 8, 1992.

John F. Windham, Pensacola, FL, for plaintiff.

Harold Peek, Valparaiso, FL, for defendant.

Thomas Reed, Pensacola, FL, Trustee.

FINDINGS OF FACT AND
CONCLUSIONS OF
LAW

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE came before the Court upon Plaintiff's, Fleetwood Credit Corpora-

tion ("Fleetwood"), Complaint to Determine Dischargeability of Debt. Fleetwood asserts the debtor intentionally sold a trailer subject to its lien without either obtaining its permission or repaying the debt in full, and therefore, the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). For the following reasons, the Court finds Fleetwood has demonstrated by a preponderance of the evidence that the debtor's actions constitute willful and malicious conversion of Fleetwood's funds, and therefore, the debtor is not entitled to a discharge of the debt.

## FINDINGS OF FACT

This dispute involves a 1989 Wilderness fifth wheel trailer purchased in October 1989 by the debtor while residing in California. The purchase was financed with a loan from Fleetwood which required monthly payments over a ten (10) year term, secured by a lien on the trailer. The title certificate on the trailer issued by California on December 20, 1989 clearly reflects the lien of Fleetwood.

While living in California, the Debtor constructed a homemade trailer. At some point, he obtained a California title certificate on this trailer which reflected that it was unencumbered. Following the Debtor's move to Nevada in early 1990, he applied for a Nevada title on the fifth wheel trailer which was still subject to Fleetwood's lien. In applying for the new title certificate from the state of Nevada, the Debtor presented the title to the homemade trailer which properly reflected the absence of liens on that trailer. Through some sort of administrative oversight, the nature of which remains a total mystery, the state of Nevada issued to the Debtor a new title certificate on the fifth wheel trailer which failed to reflect the lien of Fleetwood. That the identity of the trailers was switched in the transaction is clear from the fact that Fleetwood has at all times maintained possession of the original California title certificate to the fifth wheel trailer while the only title received by Nevada was on the homemade trailer. While the Debtor, in his testimony, maintains that he received a California title certificate on

the fifth wheel trailer, free and clear of liens, which he used to obtain the Nevada title, the evidence clearly establishes otherwise.

Nevada has since made several attempts to notify the debtor that the title, as issued without the Fleetwood lien, is void because it had been issued against "fraudulent documents." The debtor then moved to Florida where the fifth wheel trailer was sold on a consignment basis through Leisure Tyme RV, Inc., a Florida recreational vehicle dealer in January 1991. A appraisal introduced at trial without objection indicated the trailer had a market value of $13,025 at the time it was placed for sale with Leisure Tyme. Debtor received approximately $9,600 after paying an undetermined consignment fee which he used to assist his children in moving to Florida and to construct a garage on his home. Debtor continued to make payments to Fleetwood until May 1991 when he filed a joint bankruptcy petition with his wife.

Fleetwood was not informed, nor was its consent obtained prior to the debtor's removal of the trailer from California or the sale of the trailer in Florida. Fleetwood had no reason to believe that it needed to take any action to protect its interests until it was notified of the cancellation of insurance on the trailer by the carrier in January 1991.

## CONCLUSIONS OF LAW

Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity". The Eleventh Circuit Court of Appeals interprets "willful" to mean intentional and voluntary. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988). Due to the difficulty in proving a debtor's actual intent to harm, the Circuit adopted the majority view that malice may be established by a finding of either implied or constructive malice. *Rebhan*, 842 F.2d at 1263. Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of

malice. *In re Ikner,* 883 F.2d 986, 991 (11th Cir.1989). Thus, one need not prove the debtor acted with "personal hatred, spite or illwill" to successfully use § 523(a)(6). *Id.* Following the Supreme Court's decision in *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), a movant need only demonstrate the elements of a § 523 exception to discharge by a preponderance of the evidence.

 The Court finds the debtor's actions constitute a willful and malicious conversion of Fleetwood's property. The evidence adduced at trial clearly establishes the debtor intentionally and voluntarily sold the trailer on a consignment basis through the Florida RV dealer. No evidence was presented which would suggest that the debtor was unaware of the nature of consignment sales or that the debtor was coerced into the sale of the unit by any outside party. Thus, the debtor's action to sell the trailer on consignment was willful.

Debtor argues that the current dispute is the result of the unilateral mistake of the Nevada Department of Motor Vehicles, and therefore, he lacked the intent to harm Fleetwood. However, a creditor need not demonstrate actual malicious intent to invoke the protection of § 523(a)(6). *Rebhan,* 842 F.2d at 1263. It is well settled that the sale of collateral without the consent of the creditor constitutes willful and malicious injury. *E.g., In re Muto,* 124 B.R. 610, 611 (Bankr.M.D.Fla.1991); *In re Ogden,* 119 B.R. 277, 279 (Bankr.M.D.Fla. 1990). Debtor's assertions that he believed the title to the trailer to be free and clear of encumbrances at the time of its sale are unavailing. Debtor was aware of the indebtedness against the trailer, understood the nature of buying goods with credit secured by the purchased item, and continued to make payments on the debt following the sale of the trailer. Moreover, there is no credible evidence that there was ever clear title to the trailer. The Code simply does not condone a debtor who takes advantage of a clerical error in a state agency for personal gain.

The debtor having sold collateral without the knowledge or consent of the creditor, it is

ORDERED AND ADJUDGED that debtor shall be liable to Fleetwood for the trailer's wholesale value of $13,025 at the time of its conversion. This debt shall be non-dischargeable under § 523(a)(6). A final judgement will be entered in accordance with these findings of fact and conclusions of law.

DONE AND ORDERED.