**GENERAL MOTORS ACCEPTANCE CORP., Appellant,**

v.

**Michael R. DOTSON, Sherry J. Dotson, Appellees.**

Civ. A. No. 92–0113–B.

United States District Court, W.D. Virginia, Big Stone Gap Division.

March 4, 1993.

Mark L. Esposito, Abingdon, VA, for appellant.

Robert T. Copeland, Abingdon, VA, for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

General Motors Acceptance Corporation (GMAC) appeals from the bankruptcy court's ruling that GMAC lacks standing to object to the dischargeability of a debt owed them by Michael R. Dotson and Sherry J. Dotson (the Dotsons). This Court retains jurisdiction under 28 U.S.C. § 158.

### FACTS

The Dotsons bought a 1987 Chevrolet Corvette convertible on June 20, 1989, from a Chevrolet dealer, financing the purchase that day by signing a retail installment sale contract which was later assigned to GMAC. The Dotsons apparently never registered their vehicle with the Commonwealth of Virginia nor obtained a certificate of title (with ownership to lie in GMAC) as required by Section 46.2–600 of the Code of Virginia.

On July 31, 1989, slightly more than a month after their purchase of the Corvette, the Dotsons filed for Chapter 11 bankruptcy. On September 13, 1989, GMAC filed a secured proof of claim for $40,216.49, listing the 1987 Corvette as security. On November 6, 1991, the bankruptcy court converted the Dotsons' Chapter 11 case to a Chapter 7 proceeding.

GMAC filed suit in bankruptcy court seeking determination of the dischargeability of the Dotsons' debt on the Corvette, arguing that because the Dotsons allegedly burned the Corvette wilfully and maliciously, the debt should not be discharged. On the Dotson's motion, the bankruptcy court dismissed GMAC's complaint for lack of standing. The bankruptcy court never reached the issue of whether or not the vehicle was destroyed with malice.

### ANALYSIS

The bankruptcy court held that GMAC did not have standing under 11 U.S.C.

§ 523 to seek a dischargeability determination of the Dotson's debt on the Corvette. The bankruptcy court reasoned that because the Dotsons never registered their vehicle with the Commonwealth of Virginia, GMAC's security interest was never perfected. The bankruptcy court's sole source of legal support was *In re Brooker*, 36 B.R. 839 (Bankr.M.D.Fla.1984). Because a ruling on standing is a legal issue, this Court may review the issue *de novo*. *Jolly v. Great Western Bank*, 143 B.R. 383, 385 (E.D.Va.1992).

In a Chapter 7 bankruptcy, a debtor may have individual debts discharged to accord relief to the debtor. 11 U.S.C. § 523(a)(6) provides an exception for the discharge of a debt if the debtor causes "willful and malicious injury ... to another entity or to the property of another entity." Under Bankruptcy Rule 4007(a), "any *creditor* may file a complaint to obtain a determination of the dischargeability of any debt" (emphasis added).

A "creditor" for purposes of Title 11 is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A).[1] A "creditor" has a "claim" if it has a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(4)(A).

A plain reading of the definitions of "creditor" and "claim" under 11 U.S.C. §§ 101(9)(A) and 101(4)(A) indicates that GMAC does indeed have standing to object to the dischargeability of the Dotsons' debt as provided in Bankruptcy Rule 4007(a). As acknowledged by both parties and the bankruptcy court, a "claim" within the meaning of Title 11 still lies between GMAC and the Dotsons, regardless of its unperfected nature. Perfection of a claim is relevant only to the debt's priority in relation to third parties; the contract still

exists between the Dotsons and GMAC. *See Richlands Nat'l Bank v. Smith*, 34 B.R. 749 (W.D.Va.1983) (citing *Bain v. Commonwealth*, 215 Va. 89, 205 S.E.2d 641 (1974)).

This Court holds that GMAC has standing to seek determination of the dischargeability of the Dotsons' debt under 11 U.S.C. § 523(a)(6) and Bankruptcy Rule 4007(a) despite the unperfected nature of its claim. GMAC's standing derives from its status as a "creditor" within the meaning of 11 U.S.C. §§ 101(4)(A) and (9)(A).

Today's decision is in line with the holdings of other courts that have decided this issue. *See In re Wilson*, 126 B.R. 122, 124 (Bankr.M.D.Fla.1991) ("as an unperfected secured creditor, the Credit Union had rights in the Nissan vis-a-vis the Debtor.... Therefore, the Credit Union is entitled to prevail on its claim ... under § 523(a)(6)."); *In re Muto*, 124 B.R. 610, 612 (Bankr.M.D.Fla.1991) ("Florida statutory law provides that the failure to perfect or record the lien does not affect the lien right between the parties.... The debt of defendants to plaintiff will be held nondischargeable pursuant to ... § 523(a)(6)."); *In re Gantt*, 56 B.R. 852, 856–57 (Bankr.E.D.Va.1985) ("[T]he existence of a security agreement between the debtor and a creditor, although invalid as against third parties, gives rise to a property right which can be converted.... [A] conversion [is] actionable under § 523(a)(6)."); *In re Cardillo*, 39 B.R. 548, 551 (Bank.D.Mass.1984) ("Despite the bank's failure to perfect its lien ... the security agreement is nonetheless enforceable against the original borrower ... Cardillo knew of the Bank's security interest when he traded in the vehicle ... [this] constituted willful ... conversion sufficient to deny discharge of the debt ... pursuant to § 523(a)(6)."). *See also In re Sindic*, 44 B.R. 167, 172 (Bankr.E.D.Wis.1984).

The bankruptcy court chose to rely on the only case finding that a creditor with an unperfected security interest does not

---

**1.** The definitions in § 101 were made applicable to the Bankruptcy Rules through Bankruptcy

Rule 9001, General Definitions.

have standing to object to the discharge of a particular debt, *In re Brooker.* 36 B.R. 839 (Bankr.M.D.Fla.1984).[2] The court in *In re Brooker* acknowledged that the security interest still existed between the two parties despite its unperfected status. However, because the interest would have been subordinate to other parties in interest, such as the bankruptcy trustee, the court reasoned that the creditor did not have standing to object to discharge of the debt. *Id.* at 841.

The fallacy in the *Brooker* court's reasoning lies in the assumption that the subordinate priority of the unperfected lien affected the creditor's standing. The *Brooker* court assumed that because the interest was "totally avoidable by the [t]rustee," 36 B.R. at 841, and because the lien was "nothing more or less, than a lien good as to the [debtor] in a non bankruptcy context" the creditor lacked standing. *Id.* This is contrary to the broad definitions of "creditor" and "claim" set forth for Title 11 in Section 101, applicable to the Bankruptcy Rules through Rule 9001.[3]

This Court finds that GMAC does have standing to object the dischargeability of the Dotson's debt, and that the bankruptcy court erred in holding otherwise. Accordingly, this case is remanded to the bankruptcy court for findings of fact and conclusions of law to determine whether GMAC's objection to discharge is valid under § 523(a)(6).

## ORDER

In accordance with the Memorandum Opinion issued today in this case, the Bankruptcy Court's decision is hereby RE-VERSED and the case is REMANDED for further consideration of Appellant's claim.

2. In their appellate brief, the Dotsons also argue that *Farmers & Merchants Bank of Eatonton v. Alexander,* 70 B.R. 419 (M.D.Ga.1987) supports their position that GMAC lacks standing. As GMAC correctly points out, however, *Farmers* stands for the proposition that if the security agreement between the debtor and the creditor does not mention after-acquired collateral, the debtor may dispose of it without the permission of the creditor. *Id.* at 422. This principle is not at issue in this case.

3. Interestingly, two of the cases followed today, *In re Wilson* and *In re Muto,* were decided in the Middle District of Florida, the same district as the *Brooker* court. While making no mention of *Brooker,* those courts decided as this Court does today that an unperfected secured creditor still has standing under 11 U.S.C. § 523(a)(6) to object to the dischargeability of a debt. *See* text *supra* at 390.