**In re Leslie G. MIRONUCK and Patricia V. Mironuck, Debtors.**

**Peggy L. SYMES, Plaintiff,**

v.

**Leslie MIRONUCK, Defendant.**

**Bankruptcy No. 92–47040–172.**

**Adv. No. 93–4012–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

June 10, 1993.

David A. Sosne, Trustee, St. Louis, MO.

Thomas C. Croft, Clayton, MO, for debtor/defendant.

N. Kimasa Sindel, Clayton, MO, for plaintiff.

*MEMORANDUM*

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the Plaintiff's oral motion for summary judg-

ment prior to trial. The Plaintiff has argued that she is entitled to summary judgment based upon the doctrine of collateral estoppel. The matter was submitted to the Court on the oral arguments presented on June 7, 1993, the exhibits and depositions, and on the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The facts in this matter are essentially not disputed. On September 1, 1992, the Circuit Court of the County of St. Louis, Missouri entered an order in a non-bankruptcy lawsuit in which this Plaintiff was the plaintiff, and this Defendant/Debtor was one of several defendants. The non-bankruptcy court entered a judgment in favor of the Plaintiff and against this Defendant/Debtor and other non-debtor defendants as follows: Against the Debtor and a non-debtor entity on Count II for "tortious interference with contract"; against the Debtor on Count IV for "conversion"; and against the Debtor and against a non-debtor entity on Count VII for "fraud." As to Count VII (fraud), the non-bankruptcy court entered a judgment jointly and severally against Les Mironuck (the "Debtor"), individually, and Les Mironuck d/b/a Premier Realty Corp. in the amount of $5,000 plus interest. Costs of the non-bankruptcy suit were taxed against the defendant Mironuck.

The order in the non-bankruptcy lawsuit included a brief recitation of certain of the defendants' actions, including their entry of appearance and the filing of pleadings on their behalf in the state court. Although the Debtor was served with notice of the trial setting in the state court, the Debtor failed to appear or be represented at the state court trial.

The state court thereafter heard evidence from this Plaintiff, reviewed the entirety of the depositions taken in that matter, took judicial notice of the pleadings and affidavits of the parties, and accepted plaintiff's exhibits in support of her allegations. In the Debtor's absence, no cross-examination was conducted, and no evidence or testimony was presented on behalf of the Debtor.

The non-bankruptcy state court entered its judgment based upon the evidence and testimony presented at the trial, and did not enter a judgment by default. The record of the state proceeding, as presented to the Bankruptcy Court, does not contain an explanation for the Debtor's failure to appear and defend the lawsuit. Similarly, no explanation was presented in the Bankruptcy proceeding. There is no indication that the non-bankruptcy judgment was appealed by any party.

The Plaintiff appeared in person and by Counsel at the Bankruptcy Trial on June 7, 1993 and presented oral arguments and several exhibits in support of her oral motion. The Defendant/Debtor also appeared in person and by Counsel at this hearing and presented oral argument and exhibits in opposition to the oral motion for summary judgment. The exhibits submitted in the Bankruptcy proceeding include a transcript of the hearing before the non-bankruptcy court on September 1, 1992; a pretrial deposition of Nancy Langston, a named defendant in the state court proceeding; and a pretrial deposition of the Debtor taken on behalf of this Plaintiff on August 19, 1991.

The Plaintiff's adversary complaint requests that the Court determine that the debt owed by the Debtor is not dischargeable as being based upon fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

The Debtor has argued that the Plaintiff's motion for summary judgment should be denied because, if given the opportunity to testify in the Bankruptcy Court proceeding, he will refute the Plaintiff's allegations.

> Collateral estoppel may only be applied if the party against whom the earlier decision is being asserted had a 'full and fair' opportunity to litigate the issue in the prior adjudication. (Citations omitted).

*In re Miera,* 926 F.2d 741, 743 (8th Cir. 1991).

■ The Bankruptcy Court need not relitigate factual or legal issues that had been determined in a prior state court action. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ The doctrine of collateral estoppel requires that the party asserting the doctrine must prove that the following four (4) elements apply:

1. The issue sought to be precluded must be the same as that involved in the prior action;

2. The issue must have been litigated in the prior action;

3. The issue must have been determined by a valid and final judgment; and

4. The determination must have been essential to the prior judgment.

*In re Miera*, 926 F.2d at 743.

■ In the matter being decided here, the issue of fraud is the same as that involved in the prior action. The issue was determined by the valid and final state court judgment, and the determination was essential to the prior state court judgment for fraud. Therefore, the Plaintiff has established three of the four elements necessary for the operation of the collateral estoppel doctrine. The remaining element requires that the Court determine that the issue was actually litigated in the prior proceeding. To make this determination, the Court has examined the record of the earlier state court proceeding as it was submitted at the hearing on June 7, 1993.

Count VII of the Plaintiff's state court petition alleged that the Debtor was liable to the Plaintiff as a result of his fraudulent actions. The Debtor filed a motion to dismiss the Plaintiff's petition, and this motion was denied by the non-bankruptcy court. The Debtor was served with a summons in the non-bankruptcy proceeding, and was sent a notice concerning the trial date. Without explanation, the Debtor failed to appear at the state court trial and the matter proceeded in his absence.

The Plaintiff's testimony in the state court proceeding supports the allegations that this Debtor made fraudulent misrepresentations to the Plaintiff with respect to the creation of an escrow account. In order to induce the Plaintiff to agree to arbitrate a real estate commission dispute, and to delay her attempts to immediately collect all or a portion of such real estate commission, the Debtor falsely stated that the real estate commission was to be held in escrow. No escrow account was created; the "escrow agent" was unaware of an escrow agreement prior to his receipt of the check which represented the real estate commission; and the real estate commission check was subsequently endorsed over or otherwise transferred to the Debtor.

The Debtor elected to not appear and defend the Plaintiff's actions in the state court proceeding. This does not prevent the Bankruptcy Court from determining that, in fact, the Debtor had a full and fair opportunity to litigate the issue of fraud in the state court proceeding, and that the issue of fraud was litigated prior to the judgment against the Debtor. The Debtor has not presented any basis upon which he should be permitted to relitigate the issue of fraud in this Bankruptcy adversary proceeding. The Plaintiff has successfully carried her burden of proving that all four elements apply in this matter, and the Bankruptcy Court is collaterally estopped from relitigating the issue of fraud in this adversary proceeding.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Based on the prior state court actions, the Plaintiff here is entitled to a judgment as a matter of law. The Bankruptcy Court's review of the Plaintiff's evidence has clearly established that no genuine issue of material fact has been shown to exist. Therefore, by separate order, the Plaintiff's motion for summary judgment is granted.