In re Gerard M. **QUINN,** Debtor.

Virginia **VAUGHN,** Plaintiff,

v.

Gerard M. **QUINN,** Defendant.

**Bankruptcy No. 93–42402–172.**
**Adv. No. 93–4430–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 9, 1994.

Mark A. Bertsch, St. Louis, MO, for plaintiff.

Stuart J. Radloff, St. Louis, MO, for debtor/defendant.

*ORDER*

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on a Motion for Summary Judgment, filed on behalf of Virginia Vaughn ("Plaintiff"), on her complaint to determine the dischargeability of certain debts that arose from a judgment entered against Gerard M. Quinn, Defendant/Debtor ("Debtor"), by the St. Charles, Missouri, County Circuit Court. The Plaintiff has requested that the debts be declared nondischargeable as based on allegedly willful and malicious actions of the Debtor, pursuant to 11 U.S.C. Section 523(a)(6). The following determinations are based on a consideration of the record as a whole, including memoranda submitted by Counsel for the Plaintiff and Counsel for the Debtor.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. These determinations and orders are the final findings and conclusions of the Bankruptcy Court.

The facts necessary for this determination are not in dispute. On March 24, 1992, the Plaintiff filed a petition in the St. Charles County Circuit Court for breach of contract.[1] The Debtor filed an answer on April 27, 1992. The Circuit Court set a trial date of November 16, 1992. On the eve of the trial, the Circuit Court granted a request that Counsel for the Debtor be permitted to withdraw. On November 16, 1992, the Circuit Court conducted the trial of the matter. The Plaintiff appeared and presented evidence and oral argument; the Debtor did not appear, although his attorney appeared and was again allowed to withdraw.

The Circuit Court entered a judgment in favor of the Plaintiff on November 16, 1992. In its Judgment Order, the Circuit Court found that the Debtor's actions were "wilful, wanton and malicious" and further that the Debtor's actions were "intentional, wilful, wanton and in reckless disregard of the safety and well being of the Plaintiff." *See Plaintiff's Memorandum in Support of Motion for Summary Judgment, Exhibit A, filed April 1, 1994.* The Circuit Court awarded the Plaintiff $24,000.00 for actual damages and $24,000.00 for punitive damages.

In October, 1993, the Debtor filed a Motion to Set Aside Default Judgment. The Circuit Court denied this motion on November 2, 1993. *See Plaintiff's Memorandum in Support of Motion for Summary Judgment, Exhibits B and C.* The Debtor has not appealed the denial of that motion, nor has he appealed the underlying judgment of the Circuit Court.

On April 28, 1993, the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code.

*SUMMARY JUDGMENT*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56, as made applicable through Fed.R.Bankr.P. 7056.

Although the parties have not stipulated to the facts in this matter, the Court has determined that for purposes of this motion, there is no genuine issue as to any material fact. In the memoranda submitted in this matter, the parties have concentrated on the question

---

1. The petition stated in pertinent part the following:

    That Defendant failed to comply „with the County Building Code, and said failure to comply with said Code was intentional, willful, wanton and in reckless disregard of the safety and wellbeing of the Plaintiff.

    ....

    That Defendant's failure to comply with the Building code in effect at the time of said construction entitles Plaintiff to punitive damages.

    ....

    WHEREFORE, Plaintiff prays judgment against Defendant in the sum of Twenty–Five Thousand Dollars ($25,000.00), plus punitive damages

    ....

of whether or not the Plaintiff is entitled to a judgment as a matter of law.

The Plaintiff has argued that the judgment of the Circuit Court created a debt owed to her by the Debtor and that the debt is not dischargeable. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." [2] In this matter, the Bankruptcy Court has before it a final order of a nonbankruptcy court that determined that the Debtor's actions were willful, wanton and malicious. If this nonbankruptcy court determination satisfies the requirements of Section 523(a)(6), the debt is not dischargeable in this case. As a result, the Plaintiff would be entitled to summary judgment as a matter of law.

## COLLATERAL ESTOPPEL

■ An initial question in this matter is whether or not the doctrine of collateral estoppel operates to preclude the Bankruptcy Court from conducting further proceedings on issues that have been litigated and ruled upon in the prior proceeding.[3] To invoke collateral estoppel, the party asserting the doctrine must prove that the following four elements apply:

1. The issue sought to be precluded must be the same as that involved in the prior action;

2. The issue must have been litigated in the prior action;

3. The issue must have been determined by a valid and final judgment;

4. The determination must have been essential to the prior judgment.

*In re Mironuck*, 156 B.R. 33, 35 (Bankr. E.D.Mo.1993) (citing *In re Miera*, 926 F.2d at 743).

If any one of the elements cannot be established, the doctrine will not apply and the Bankruptcy Court must proceed to determine the matter on other grounds.

■ The Debtor has argued that the requirement that the issue to be precluded here must have been actually litigated cannot be satisfied because the prior determination resulted after the Debtor chose not to appear for trial, and the state court entered a default judgment. However, the Debtor's decision not to appear and defend himself at the state court trial does not prevent the invocation of collateral estoppel in this Court. *See Dunn v. Davis*, 168 B.R. 189, 192 (Bankr.W.D.Ark. 1994) (citing *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 710 (8th Cir.1979) ("The policies underlying the concept of collateral estoppel require, in general, that a judgment, by default or after full defense, be given full faith and credit by this Court.")) The state court entered its judgment after the Plaintiff presented evidence and argument when the case was called for trial. No part of the judgment relies on the fact that the Debtor did not appear for trial.[4]

The requirement that the issues have been actually litigated has been satisfied because the Plaintiff in the state court proceeding pleaded willful and malicious acts on the part of the Debtor, because the Debtor filed an answer to these charges, and because the state court received evidence on these plead-

**2.** *See also In re Miera*, 926 F.2d 741 (8th Cir. 1991) (damages awarded as a result of a willful and malicious injury are nondischargeable).

**3.** Collateral estoppel applies in discharge exception proceedings that are based on Section 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n. 10, 111 S.Ct. 654, 658 n. 10, 112 L.Ed.2d 755 (1991); *In re Speight*, 16 F.3d 287 (8th Cir.1994); *In re Miera*, 926 F.2d 741 (8th Cir.1991).

**4.** Apparently recognizing the possibility of such a conclusion, the Debtor filed a motion in the state court in October 1993 to set aside the "default judgment"; the Debtor argued that if the court did not delete its findings regarding the "wilful, wanton and malicious" acts of the Debtor, then

the Bankruptcy Court may be bound by the state court's determinations. *See Plaintiff's Exhibit B.* The Debtor alternatively requested that the entire judgment be set aside so that the Bankruptcy Court could determine the "willful and malicious" element on its own. The state court heard this motion and denied it without comment. *See Plaintiff's Exhibit C.*

Also, Plaintiff's attorney in the state court action has stated in his affidavit that the state court judgment "was not a judgment in default since Defendant was duly served and filed an answer and participated in discovery." *See Plaintiff's Exhibit A,* ¶ *9.*

ings. The absence of the Debtor at the trial of the matter is not a bar to the operation of the doctrine of collateral estoppel so long as the matter was directly in issue in the prior proceeding. *See Lovell v. Mixon,* 719 F.2d 1373 (8th Cir.1983).

The issue of whether the Debtor acted willfully and maliciously was before the state court. The pertinent language in the judgment dated November 18, 1992 is as follows:

> The Court finds in favor of Plaintiff and against Defendant for actual damages for breach of the construction contract in the sum of $24,000.00. The Court further finds that Defendant's actions were wilful, wanton and malicious, that Defendant failed to comply with the requirements of the City of St. Charles Building Code in force and effect at the time of the construction and that Defendant's actions were intentional, wilful, wanton and in reckless disregard of the safety and well being of the Plaintiff. The Court further finds that Plaintiff is entitled to punitive damages against the Defendant in the sum of $24,000.00. The Court further finds in favor of Plaintiff and against Defendant on Defendant's Counter-claim.

*Exhibit "A" Plaintiff's Memorandum in Support of Motion for Summary Judgment, 4–1–94.* Based upon a consideration of the state court findings and conclusions, and based upon the pleadings filed in the state court action, this Court has determined that an issue as to whether or not the Debtor's actions were willful and malicious was actually litigated in the prior proceeding. A more difficult question is whether or not the issue actually litigated in the prior proceeding is the same issue that is sought to be precluded in this proceeding to determine dischargeability.

■ Some of the words used in the state court judgment are identical to language in Section 523(a)(6). However, this consideration of collateral estoppel will cease unless the standards applied in the state court are identical to, or more stringent than, the standards required under the Federal law. If the standard of proof in the state court proceeding was less than that required in this matter, the issue sought to be precluded here

is not the same as that involved in the prior action.

■ The state court judgment includes two monetary awards to the Plaintiff. The first is an award in the amount of $24,000.00 for actual damages for breach of the construction contract. Debts for damages arising solely from a breach of contract are not excepted from discharge under Section 523(a)(6). The exception from discharge under this section must be based upon damages to another or the property of another that are caused by a debtor's willful and malicious conduct. *See In re Magee,* 164 B.R. 530, 534 (Bankr.S.D.Miss.1994); *In re Modicue,* 926 F.2d 452 (5th Cir.1991). Although the state court found that the Debtor's actions were willful and malicious, such a determination was not essential to the judgment for actual damages for breach of contract. Therefore, the doctrine of collateral estoppel does not operate as to the first of the judgment awards, and the Plaintiff is not entitled to summary judgment as a matter of law.

■ The second award, also in the amount of $24,000.00, is for punitive damages as a result of the state court finding that the Debtor's failure to comply with the requirements of the City of St. Charles Building Code was intentional, willful, wanton and in reckless disregard of the safety and well-being of this Plaintiff. The Plaintiff is not entitled to summary judgment on the award of punitive damages for several reasons.

Most importantly, the standard for awarding punitive damages in Missouri state courts is not the same as the standard required under the Bankruptcy Code for declaring a debt nondischargeable pursuant to Section 523(a)(6). In *Burnett v. Griffith,* 769 S.W.2d 780 (Mo. 1989) (en banc), the Missouri Supreme Court cited with approval the expression of the standard for punitive damages indicated in the Restatement (Second) of Torts, § 908(2) (1979). The Court found that punitive damages could be based on a finding that "the conduct of defendant … was outrageous because of defendant's evil motive *or* reckless indifference to the rights of others …" 769 S.W.2d at 789 (adopting and stating new jury instruction on punitive dam-

ages, MAI 10.01) (emphasis added). Thus, it appears that in Missouri state courts, punitive damages may be based on a standard of recklessness. The judgment in the matter being considered here was based in part on a determination that the Debtor acted in reckless disregard of the safety and well-being of the Plaintiff.

■ In the federal courts in the Eighth Circuit, when transfers in breach of security agreements are in issue, malicious conduct under Section 523(a)(6) is conduct that is "more culpable than that which is in reckless disregard of creditors' economic interests and expectations, as distinguished from mere legal rights." *In re Long,* 774 F.2d 875, 881 (8th Cir.1985). The conduct must be "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause ... harm." 774 F.2d at 881. This standard requires a level of blameworthiness that exceeds recklessness.

The Eighth Circuit has not limited the application of the standards described in *Long* to situations involving transfers in breach of security agreements. Six years after the decision in *Long,* the Court of Appeals reaffirmed these standards in a case involving an unsolicited display of affection. The Court agreed that a debtor's conduct was more than reckless because he intended to cause harm; that a debtor was certain or substantially certain that the other party would be harmed by the action; that a debtor acted even though he knew that the other party did not share his affection; and that a debtor's conduct was targeted at the injured party. *In re Miera,* 926 F.2d at 744. These standards must apply to the circumstances in this matter.

The Court has concluded that the doctrine of collateral estoppel does not apply because the issue of malice under Section 523(a)(6) is not the same as the issue involved in the prior state court proceeding.

### *OTHER GROUNDS FOR SUMMARY JUDGMENT*

■ The Court must now examine the Debtor's actions as they have been presented in this record, and make an independent determination of the motion for summary judgment applying the dischargeability standards of the Federal law. The Debtor's actions are described in the various pleadings in this Adversary Proceeding including the affidavits and exhibits submitted by each party.

The Circuit Court proceeding was based upon a document styled "Petition for Breach of Contract" that contained a description of the Debtor's actions. The Plaintiff alleged that the Debtor breached a remodeling contract by failing to perform labor and services, and by failing to provide specified materials, and by failing to perform the construction in a workmanlike manner. The specific allegations of breach of contract included: improper venting of a sink vent; drywall taping not completed; exposed corner beads; holes in the soffit ceiling and walls; unfinished trim; missing crown molding; other trim items missing; construction debris not cleaned up; unseeded rear yard; damaged gutter; and numerous other allegations of improper or incomplete work.

In his affidavit in this Adversary Proceeding, the Debtor has stated that after construction began, the Plaintiff made a number of changes to the work that was to be performed originally. He and the Plaintiff subsequently encountered a number of disagreements and differences of opinion concerning the rate at which the work was progressing. The Debtor has stated that the Plaintiff subsequently barred the Debtor from her premises. The Debtor has also claimed that the contract was substantially performed; and that the Plaintiff continues to owe him a balance of $4,972.25.

In its judgment, the state court found in favor of the Plaintiff for breach of the construction contract. The Court further found that the Debtor's actions were willful, wanton and malicious and that the Debtor had failed to comply with the requirements of the City of St. Charles' Building Code, adding that the Debtor's actions were also in reckless disregard of the safety and well-being of the Plaintiff.

The issue thus becomes whether the Debtor's actions reach a level of malice that would

require that the debt be declared nondischargeable pursuant to Section 523(a)(6).

This record has not established that the Debtor intended to cause the harm, that the Debtor was certain or substantially certain that the other party would be harmed by his action, or that the Debtor's conduct was targeted at the Plaintiff. *See In re Miera,* 926 F.2d at 744. The Plaintiff's claim is based upon a breach of a construction contract and is dischargeable in a Chapter 7 petition. *See In re Magee,* 164 B.R. 530; *In re Modicue,* 926 F.2d 452; *In re Keller,* 72 B.R. 599 (Bankr.M.D.Fla.1987). The Debtor's actions breached the construction contract. The Debtor's action and inaction caused damage to the Plaintiff for which the Debtor has been found to be liable. The Debtor's actions were willful and of such a reckless nature that the state court imposed punitive damages. However, the Debtor's actions here do not rise to the level of malice that is required to sustain a determination that the debt is not dischargeable in a Chapter 7 bankruptcy proceeding pursuant to Section 523(a)(6).

**IT IS ORDERED** that the Plaintiff's motion for summary judgment is **DENIED**; and that this matter is continued and reset to *September 13, 1994 at 10:00 a.m. in Bankruptcy Courtroom No. 1, U.S. Bankruptcy Court, Eastern District of Missouri, One Metropolitan Square, 211 North Broadway, Seventh Floor, St. Louis, Missouri* as a continued pretrial hearing for other and further proceedings.