In re Robert Timothy GIFFEN, II and Monica Santa Maria Shepard Giffen, a/k/a Monica S. Giffen, Debtors.

ALLIED CREDIT CORPORATION OF TENNESSEE, Plaintiff,

v.

Robert Timothy GIFFEN, II and Monica Santa Maria Shepard Giffen, a/k/a Monica S. Giffen, Defendants.

Bankruptcy No. 95–1754–BKC–3P7. Adv. No. 95–210.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 6, 1996.

note secured by the following property: television set, lawn mower, rifle, shotgun, and video camera.

2. Subsequent to executing the note but prior to filing for Chapter 7 relief, defendants sold the collateral without plaintiff's authorization.

3. Defendants filed for relief under Chapter 7 of the Bankruptcy Code on April 18, 1995.

4. On July 17, 1995, plaintiff filed this adversary proceeding, alleging that defendant's sale of the collateral was willful and malicious, and that the unpaid balance on the note should be nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

5. Defendants subsequently filed a motion for summary judgment, alleging that plaintiff's interest in the collateral was not harmed by the sale because plaintiff failed to perfect its security interest by filing a financing statement. Defendants presented no evidence on . their summary judgment motion and the parties proceeded to trial.

Valerie Hall Manuel, Trustee, Jacksonville, FL.

Sidney E. Lewis, Jacksonville, FL, for Plaintiff.

David J. Pinkston, Jacksonville, FL, for Defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court on a Complaint to Determine Dischargeability of a Debt pursuant to 11 U.S.C. § 523(a)(6). After a trial on January 23, 1996, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. In December, 1992, defendants executed and delivered to plaintiff a promissory

### CONCLUSIONS OF LAW

Bankruptcy Code section 523(a)(6) makes nondischargeable any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Plaintiff alleges it suffered injury when defendants sold the collateral without the plaintiff's consent. Plaintiff argues that defendants' sale of the collateral was willful and malicious and that the outstanding balance due on the note ($1,480.13) should be nondischargeable pursuant to § 523(a)(6).

Defendants, however, on their summary judgment motion and at trial, argued that plaintiff failed to perfect its security interest because it did not file a UCC–1 financing statement. Defendants contend that plaintiff's failure to perfect its security interest rendered its interest worthless against a trustee in bankruptcy, and that the sale of the collateral did not damage plaintiff's interest. Neither party presented evidence in support of their argument.

## I. SALE OF COLLATERAL HARMED PLAINTIFF'S INTEREST

The threshold question in this case is whether defendant's sale of the collateral harmed the plaintiff. It is well settled that if plaintiff's security interest was perfected, defendants' actions would be considered malicious and willful under 11 U.S.C. § 523(a)(6), and the debt would be nondischargeable. *Bank of Green Cove Springs v. Brooker (In re Brooker),* 36 B.R. 839, 841 (Bankr. M.D.Fla.1984). The lack of evidence regarding the perfection or non perfection of plaintiff's security interest, however, requires the Court to determine whether the defendants' sale of the collateral would be violative of § 523(a)(6) if plaintiff's interest were unperfected.

Defendants rely on this Court's holding in *Bank of Green Cove Springs v. Brooker (In re Brooker),* 36 B.R. 839 (Bankr.M.D.Fla. 1984), to support their argument that plaintiff's unperfected security interest was not harmed by the sale of the collateral. In *Brooker,* this Court held that a creditor holding an unperfected security interest in debtor's collateral was not harmed by debtor's sale of that collateral because the creditor's lien was avoidable by the trustee and "nothing that the [debtor] did placed the [creditor] in a worse position than it would otherwise have occupied." *Id.* at 841. This Court also noted, however, that "failure to perfect does not in any way change the nature, nor diminish the extend of the secured party's interest as against the debtor." *Id.*

In *Mercury Finance Company of Georgia v. Muto (In re Muto),* 124 B.R. 610 (Bankr. M.D.Fla.1991), this Court revisited the issue of whether an unperfected security interest holder is harmed by a debtor's unauthorized sale of collateral. In *Muto,* this Court reemphasized that the holder of an unperfected security interest still has rights against a debtor by virtue of the security agreement that created the lien. As in *Brooker,* the Court noted that in bankruptcy, an unperfected security interest is subordinate to the rights of intervening creditors. Under Florida law, however, "as between the parties, the security agreement is valid and enforceable." *Id.* at 612. This Court concluded that "the sale of collateral without the consent of the lienholder constitutes willful and malicious injury giving rise to an exception to discharge under 11 U.S.C. § 523(a)(6)." *Id.* at 611. In *Hardwick v. Petsch (In re Petsch),* 82 B.R. 605 (Bankr.M.D.Fla.1988), a sister Court in this district found that "[w]hile the failure to perfect a lien may render such lien subordinate to the rights of third parties, as between the Debtor and creditor, the security interest is valid and the Debtor is estopped from denying its validity." *Id.* at 607.

In *Fleetwood Credit Corporation v. Slack (In re Slack),* 150 B.R. 277 (Bankr.N.D.Fla. 1992), the Bankruptcy Court for the Northern District of Florida agreed with this Court's holding in *Muto,* and found that a debtor's unperfected sale of collateral was a willful and malicious violation of the security agreement and that the debt evidenced by the agreement was nondischargeable.

The line of cases appearing since the *Brooker* decision, including this Court's *Muto* opinion, echo a common refrain: a debtor's unauthorized sale of collateral subject to a security agreement is a willful and malicious conversion of property and renders the debt arising from the agreement nondischargeable. This Court finds this chain of authority persuasive.

Before finalizing its decision, however, the Court must consider one point of law raised by the Eleventh Circuit Court of Appeals in *Wolfson v. Equine Capital Corporation (In re Wolfson),* 56 F.3d 52 (11th Cir.1995). In *Wolfson,* the Eleventh Circuit found that because a creditor knew of debtor's intention to dispose of collateral and failed to enforce its rights in the collateral, the creditor waived its right to assert a complaint of nondischargeability under 11 U.S.C. § 523(a)(6). *Id.* at 54.

Although this Court is cognizant of the Eleventh Circuit's view that a creditor should take precautions to protect its interest in collateral, this Court finds that *Wolfson* is inapplicable in this case. On the facts presented and without further evidence, this Court is without knowledge when the collateral was sold or whether the plaintiff had knowledge of the sale in time to prevent it. The Court has no evidence to prove or disprove whether the creditor took steps to preserve its interest in the collateral. What

is undisputed in this case is that the defendants sold collateral in violation of the terms of the security agreement between the parties.

The Court finds that defendants' sale of the collateral was willful and malicious and that the outstanding debt ($1,480.13) should be nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Court will enter a judgment consistent with these findings of fact and conclusions of law.

### *JUDGMENT*

This proceeding came before the Court on plaintiff's Complaint to Determine Dischargeability of a Debt pursuant to 11 U.S.C. § 523(a)(6). Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered in favor of the plaintiff, Allied Credit Corporation of Tennessee, and against the defendants, Robert Timothy Giffen, II and Monica Santa Maria Shepard Giffen.

2. The debt of defendants to plaintiff in the amount of $1,480.13 is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).