### In re KWAN HUN BAEK and Justine J. Baek, Debtors.

**Bankruptcy No. 98–9396–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 26, 1999.

**634**

Nina LaFleur, Stutsman & Thames, Jacksonville, FL, for Debtors.

Christopher White, Jacksonville, FL, for Claimant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Chief Judge.

This case came before the Court upon Debtors' Objection to Claim 11 filed by Dae Kun Park ("Park"). Debtors object to the secured status of Claim 11. After a hearing on August 27, 1999 the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On August 16, 1991 Debtors and Park entered into a Contract for Management and Right for Future Purchase (the "Contract") concerning a dry cleaning business known as Pablo Cleaners. The Contract provided that Debtors were to pay a purchase price of $145,000. (Debtors' Ex. 1.) Debtors initially paid $5,000 when the Contract was signed. Additionally, Debtors signed a promissory note payable over five years secured by all current or after acquired assets, inventory, machinery, and equipment of the business. (Debtors' Ex. 2.)

2. Although a U.C.C.–1 Financing Statement was executed in connection with the closing, Park failed to file a U.C.C.–1 Financing Statement with the Secretary of State of Florida.

3. In January, 1998 the parties entered into an Addendum to Contract for Management and Right for Future Purchase. (Debtors' Ex. 4.)

4. Again Park failed to file a U.C.C.–1 Financing Statement with the Secretary of State of Florida.

5. Debtors filed a petition under Chapter 13 of the Bankruptcy Code on October 30, 1998. (Doc. 1.)

6. Park filed a secured claim in the amount of $47,500 which was designated as Claim 11.

7. Debtors objected to Claim 11 as a secured claim. (Doc. 24.) Park filed a response after which a hearing was held on August 27, 1999. (Doc. 27.)

### CONCLUSIONS OF LAW

Debtors object to the secured status of Claim 11. Debtors point out that the perfection of a lien on personal property requires both a valid security agreement and either a financing statement filed in accordance with Florida Statute § 679.302 or possession of the goods in accordance with Florida Statute § 679.305. Although Debtors acknowledge that there is a valid security agreement between Debtors and Park, they assert that Park's failure to perfect his interest by filing a U.C.C.–1 Financing Statement with the Secretary of State of Florida renders his claim unsecured.

Section 679.203 of the Florida Statutes provides as follows:

(1) a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless

(a) the collateral is in the possession of the third party pursuant to agreement or the debtor has signed a secu-

rity agreement which contains a description of the collateral...; and

(b) value has been given; and

(c) the debtor has rights in the collateral.

(2) a security interest attaches when it becomes enforceable against the debtor with respect to the collateral.

FLA. STAT. ANN. § 679.203 (West 1999).

In *Allied Credit Corp. of Tenn. v. Giffen (In re Giffen)*, this Court addressed the issue of whether a creditor holding an unperfected security interest was harmed by the debtor's unauthorized sale of the creditor's collateral and was therefore entitled to an exception to discharge pursuant to 11 U.S.C. § 523(a)(6). 195 B.R. 951 (Bankr.M.D.Fla.1996). The threshold issue, however, was whether the creditor's failure to perfect its security interest invalidated it. "...[F]ailure to perfect does not in any way change the nature, nor diminish the extent of the secured party's interest as against the debtor." *Id.* at 952 (quoting *Bank of Green Cove Springs v. Brooker (In re Brooker)*, 36 B.R. 839 (Bankr.M.D.Fla.1984)). It is well established that although an unperfected security interest is subordinate to the rights of intervening creditors, the security agreement is valid and enforceable as between the parties. *Brooker* at 840–41; *Mercury Fin. Co. of Ga. v. Muto (In re Muto)*, 124 B.R. 610 (Bankr.M.D.Fla.1991); *Gator Office Supply & Furniture, Inc. v. Amsouth Bank of Fla.*, 705 So.2d 1039, 1040 (Fla.Ct. App.2d Dist.1998) ("Contrary to the codefendants' arguments, a nonperfected security interest does not render the promissory note unsecured. As long as the three requirements of section 679.203(1), Florida Statutes (1995), are met, the promissory note will be secured."). *But see All Am. Mfg. Corp. v. Quality Textile Screen Prints, Inc.* 172 B.R. 394, 399 (Bankr. S.D.Fla.1994) (holding that creditor who failed to file financing statement or take possession of collateral failed to perfect security interest and was therefore unsecured).

The three requirements for a security interest to be enforceable against Debtors are met. Debtors and Park signed a security agreement. Debtors gave value for the collateral. Debtors have rights in the collateral. Therefore, the security interest attached when it became enforceable against Debtors.

Section 679.301 of the Florida Statutes addresses the issue of who takes priority over unperfected security interests. FLA. STAT. ANN. § 679.301 (West 1999). Section 679.312 of the Florida Statutes governs priorities among competing security interests in the same collateral. FLA. STAT. ANN. § 679.312 (West 1999). In the instant case there is no conflicting security interest in the collateral. That is, Park is the only creditor whom claims a security interest in the collateral. Consequently, following the statutory scheme of the Florida recording act, Park's failure to perfect or record the lien does not affect the lien rights between the parties. Thus, pursuant to Florida law, the security agreement is valid and enforceable as between the parties. Accordingly, Park's claim is secured and the Court overrules Debtors' Objection to Claim 11.[1] The Court will enter an order consistent with these Findings of Fact and Conclusions of Law.

---

1. The Court points out that these Findings of Fact and Conclusions of Law only address Debtors' Objection to the secured status of Claim 11 based upon Park's failure to perfect, not the value of Claim 11.